IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEWIS, ) | 1:09cv0318 LJO DLB |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO MODIFY SCHEDULING |
| vs. ) | CONFERENCE ORDER |
| ) | |
| DR. JAMES PEAKES, et al. ) | (Document 21) |
| ) | |
| Defendants. ) | |

Plaintiff Eric Lewis ("Plaintiff") filed the instant motion to modify the Scheduling Conference Order on August 10, 2010. Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument.

**BACKGROUND**

Plaintiff filed this Title VII employment discrimination and retaliation action on February 20, 2009. The action was originally filed against Dr. James Peakes, Secretary of the United States Department of Veterans Affairs ("VA"). On September 3, 2009, Erik K. Shinseki, the new Secretary of the VA, was substituted in as Defendant.

On October 9, 2009, the Court issued a Scheduling Conference Order setting the non-expert discovery deadline for June 25, 2010, and the expert discovery deadline for September 10, 2010.

1

Plaintiff filed this motion on August 10, 2010, and seeks to extend the non-expert discovery deadline to September 10, 2010.  Pursuant to the order shortening time, Defendant filed his opposition on August 11, 2010.

**DISCUSSION**

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order and states that a schedule shall not be modified except upon a showing of good cause.  In this context, "good cause" has been linked with the diligence of the party requesting the modification.  See Zivkovic v. Southern California Edison Co., 302 F.3d. 1080, 1087-1088 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992).

Plaintiff's counsel, Jacob Weisberg, contends that he missed the June 25 deadline because a "computer corruption of the database" deleted the date in his Abacus calendaring system. Declaration of Jacob Weisberg ("Weisberg Dec."), ¶¶ 2, 3.  Rebecca Ortiz, the primary calendaring person in Mr. Weisberg's office, states that she calendared all dates in October 2009.  Declaration of Rebecca Ortiz ("Ortiz Dec."), ¶ 3.  Doug Betts, a technology expert who has been in charge of Mr. Weisberg's computer systems for the past 10 years, researched the Abacus system and discovered that an entry setting the non-expert deadline for June 25, 2010, existed on November 3, 2009. Declaration of Doug Betts ("Betts Dec."), ¶¶ 2-3.  "This entry currently exists in a deleted items queue for reasons that I have not determined but it was clear to me that the date had been entered into the system prior to November 3, 2009."  Betts Dec., ¶ 4.

Although Defendant contends that Mr. Weisberg has not acted diligently in setting depositions because he waited six weeks after the discovery cut off to set his first deposition, the Court finds that good cause exists to modify the Scheduling Conference Order.  The evidence before the Court shows that the dates were entered into the Abacus system at least as of November 3, 2009,

1  and that for unknown reasons, the dates were deleted.  On August 2, 2010, when Mr. Weisberg
2  learned of the missed deadline, he immediately contacted Alyson Berg, Defendant's counsel, as
3  asked for an additional two weeks to complete discovery.  Ms. Berg would not stipulate to the
4  extension.  Weisberg Dec., ¶ 5.

5      Mr. Weisberg then served a Supplemental Rule 26 Disclosure and a Notice of Taking of
6  Depositions on August 4, 2010.  He set the depositions of Dennis Myers, Jean Russell, Chiketa Hill-
7  Wegly, Donny T. Hurst and Daniel Trsvinko for August 18-19, 2010.  Weisberg Dec., ¶ 6.

8      Based on the above, the Court finds that good cause exists and GRANTS Plaintiff's motion
9  to modify the Scheduling Conference Order.  The non-expert discovery deadline SHALL BE
10  EXTENDED to September 10, 2010, for the SOLE PURPOSE of taking the five noticed depositions
11  on a mutually agreeable date.  The remaining dates will not change.

13     IT IS SO ORDERED.

14     **Dated:   August 17, 2010**                    **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE

3